UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE NOHRA, II AND
CINDY NOHRA

VERSUS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PENNSYLVANIA,
IMPROPERLY NAMED AS CHARTIS
CASUALTY COMPANY, ET AL

CIVIL ACTION

12-415-JJB

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Gulf Underwriters Insurance Company's ("Gulf") Motion for Summary Judgment. (Doc. 25). Plaintiffs George Nohra, II and Cindy Nohra have filed an opposition (Doc. 34), to which Gulf has filed a reply. (Doc. 37). Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 US.C. § 1332. For the reasons herein, the Court GRANTS Defendant's Motion for Summary Judgment. (Doc. 25).

I.

On or about September 4, 2009, George Nohra, II sustained personal injuries in his workplace when he attempted to lower the bed of a dump truck, which was manufactured by Peabody Galion Corporation between 1988 and 1992. (Doc. 1). Plaintiffs allege that Peabody Galion Corporation merged with McClain Industries, Inc. in 1992. Between October of 2000 and October of 2004,

1

Gulf was the liability insurance carrier for McClain Industries. In Plaintiffs' petition for damages, Plaintiffs allege that Gulf is jointly and/or solidarily liable.

Gulf filed this Motion for Summary Judgment, arguing that the policy it had issued to McLain only provided coverage for "bodily injury" that "occurs during the policy period." (Doc. 25). Gulf points to the undisputed fact that Nohra's injuries allegedly occurred on September 4, 2009, which was almost five years after the last policy period expired. Gulf argues that neither facts nor the law[1][2] support a determination that there was coverage under the policy.

In their opposition, Plaintiffs first argue that because the insurance policy was written and delivered in Michigan, the Court should determine whether Louisiana law or Michigan law applies. (Doc. 24). Plaintiffs assert that Michigan law should apply, and pointed to a Michigan Supreme Court case in which the court determined that a policy that limited coverage to acts that occurred during the policy period was not "invalid as against public policy." *Stine v. Continental Casualty Co.*, 349 N.W. 2d 127, 139 (Mich. 1984).

However, Plaintiffs conclude that because Gulf's policy provisions are valid under Michigan law and because the current claim against Gulf was made eight years after the end of the last policy period, Gulf's motion "appears to have

---

[1] A plaintiff has the "burden of proving the existence of the policy and coverage." *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So. 2d 916, 921. Nohra is unable to prove that his claims are within the coverage period, which is October of 2000 to October of 2004.

[2] The United States District Court for the Western District of Louisiana determined that there was no coverage for injuries sustained two years after the policy expired. *Clarendon America Ins., Co. v. Bayou Fleet Service, Inc.*, 2008 WL 4758668 (W.D. La. 2008).

2

merit." (Doc. 34). Plaintiffs concede that they are unable to find any facts or law to oppose Gulf's motion.

In Gulf's reply, Gulf urges this Court to dismiss the claims against it based on the facts, the law, and the concession by the Plaintiffs. The Court agrees. The Court expresses no opinion on whether Michigan or Louisiana law should apply.

Accordingly, Defendant Gulf Underwriters Insurance Company's Motion for Summary Judgment is GRANTED and all claims against Gulf are dismissed.

Signed in Baton Rouge, Louisiana on January 15th, 2013.

JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA